# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL R. ROBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 11-238-FHS-KEW |
| ) | |
| MIKE ADDISON, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in Bryan County District Court Case Number CF-2008-129 for Child Sexual Abuse, After Former Conviction of a Felony. He sets forth the following grounds for relief:

    I.    Actual Innocence

    II.    The evidence at preliminary hearing was insufficient to establish probable cause.

    III.    Petitioner was denied a fair trial by the introduction of unpermissible hearsay evidence.

    IV.    Petitioner received ineffective assistance of trial and appellate counsel.

The respondent alleges petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review for Grounds I, II, and IV. The following records have been submitted to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Robertson v. State*, No. F-2008 (Okla. Crim. App. Nov. 19, 2009).

D. Order denying petitioner's application for post-conviction relief. *State v. Robertson*, No. CF-2008-129 (Bryan County Dist. Ct. Nov. 22, 2010).

E. Petitioner's petition in error to the Oklahoma Court of Criminal Appeals regarding the denial of his post-conviction application.

F. Order Affirming Denial of Post-Conviction Relief. *Robertson v. State*, No. PC-2010-1181 (Okla. Crim. App. Mar. 10, 2011).

G. Transcript of petitioner's preliminary hearing in Bryan County District Court Case No. 2008-129, held on July 29, 2008.

H. Transcript of petitioner's hearing on Motion to Quash Information, held on September 5, 2008.

I. Transcript of petitioner's jury trial, held on September 15-16, 2008.

J. State court record in Case No. CF-2008-129.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

In March 2008 petitioner was living with his then-girlfriend Alice Finch and three of Finch's children, aged two, four, and nine years. (Tr. 217). Ms. Finch also rented a room in the back of the house to Kenneth Greer. (Tr. 220). There was a snow storm the week of March 3-7, 2008, and the woman who normally took Ms. Finch's children to daycare did not want to drive because of the road conditions. (Tr. 218). Therefore, petitioner stayed with the children while Ms. Finch was at work. (Tr. 218). When Ms. Finch returned home from work on March 5, 2008, her four-year-old daughter G.J. wanted to tell her something about petitioner. (Tr. 219). Petitioner immediately told G.J. to "shut up and quit lying." (Tr. 219).

On March 7, 2008, Mr. Greer called Ms. Finch into his room to give her his rent payment. (Tr. 220, 336). Greer expressed his concern about petitioner to Ms. Finch. (Tr. 220). Greer and Ms. Finch discussed how petitioner had accused Ms. Finch of being a child molester. (Tr. 220, 336). Petitioner burst into the room and exclaimed, "I ain't no child molester!" (Tr. 221). He and Mr. Greer then began fighting. (Tr. 221, 336). Two other men showed up, and petitioner ran away. (Tr. 221-22, 337).

On or about the evening of March 13, 2008, Mr. Greer's girlfriend Raquel Nunez stayed with the children, while Ms. Finch went to meet a friend at a bar. (Tr. 194-97, 204, 222-23). Ms. Nunez was walking through the living room, when she noticed G.J. crying on the couch. (Tr. 197-98). When Ms. Nunez asked why she was crying, G.J. said she had to go to the bathroom but was scared of petitioner, because he had hurt her. (Tr. 197). G.J. would not respond to Ms. Nunez's question of where petitioner had hurt her, so Ms. Nunez got a doll and asked her again. (Tr. 198). G.J. pointed to the chest and "private" area of the doll. (Tr. 198). Ms. Nunez called Ms. Finch and told her to come home, because petitioner allegedly had hurt G.J. (Tr. 198-99).

Ms. Finch got the call within ten minutes of arriving at the bar. (Tr. 222-23). When

3

she returned home, Ms. Finch took G.J. into her bedroom and asked what had happened. (Tr. 223). G.J. began crying and said she was sorry for being "nasty" to petitioner. (Tr. 223-24). G.J. then explained that petitioner had given her and her two-year-old brother a "nasty bath." (Tr. 224). G.J. said that petitioner had put his finger in her "pee-pee," and it hurt. (Tr. 224). G.J. also told her mother that petitioner had taken her into a closet, and she indicated he had "humped" her. (Tr. 224). In addition, G.J. said petitioner had slapped her and called her a "M"er-"F"er. (Tr. 225).

Ms. Finch rocked G.J. to sleep and went out to look for petitioner, carrying two rocks and a baseball bat, with the intention of killing him. (Tr. 225). After confronting petitioner, she returned home and notified the police the next day. (Tr. 225-26).

As part of the police investigation, G.J. was interviewed by Ange Edwards, an investigator for the Department of Human Services Child Welfare Division. (Tr. 263-64; State's Exhibit 3). G.J. explained during the interview that petitioner had touched her "pee-pee" with his finger and had put his "pee-pee" in her mouth. (State's Exhibit 3, at approximately 20 minutes and 25 minutes).

At petitioner's trial, G.J. testified via closed circuit television. (Tr. 160). She indicated on anatomical drawings that petitioner had touched her "private, . . .butt, . . . boobs, . . . and mouth" with his "pee-pee" and his hand. (Tr. 171-74; State's Exhibits 1-2).

**Ground I: Actual Innocence**

Petitioner alleges in Ground I of the petition that he is "actually, factually, and/or legally innocent of the crime of which he is convicted," and there is no evidence, circumstantial or otherwise, to sustain the conviction. (Docket No. 1 at 9). He asserts his conviction was based solely on hearsay testimony by State's witness Raquel "Rocky" Nunez, and he has obtained new and previously unavailable evidence that conclusively refutes the

State's theory and the witness's testimony. (Docket No. 1 at 10).

The evidence to which petitioner refers consists of letters written to petitioner by his mother and cousin. He contends the letters show that:

> 1. Raquel "[R]ocky" Nunez conspired with the alleged victim's mother [who] is petitioner's ex-girlfriend to fabricate the accusations against petitioner and send him to prison.
>
> 2. She (Raquel Nunez) lied about every accusation against petitioner.
>
> 3. The new evidence corroborates defense witness Richard Nunez who testified at trial that he overheard [that] his twin sister Raquel "Rocky" and petitioner's ex-girlfriend devised the accusation against the petitioner.

(Docket No. 1 at 10).

The Supreme Court has held that "[c]laims of actual innocence based on newly-discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus." *LaFevers v. Gibson*, 238 F.3d 1263, 1265 (10th Cir. 2001).

Here, the court finds petitioner's evidence of alleged "actual innocence" contained in these letters are not a gateway to a defaulted constitutional claim. Instead, it is a freestanding actual innocence claim that is not proper for federal habeas review. This ground for relief is meritless.

**Ground II: Probable Cause at Preliminary Hearing**

In Ground II petitioner alleges there was insufficient evidence at the preliminary hearing to meet the State's burden of probable cause. (Docket No. 1 at 11). The State

5

presented only two witnesses at the preliminary hearing: (1) Raquel Nunez who was watching G.J. when G.J. made her alleged disclosure, and (2) G.J. who would not verbally answer most of the questions during her direct examination, instead mostly nodding, shaking her head, or indicating her response on a diagram.

On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) denied relief on this claim, finding "that the State did meet its burden of showing that an offence had been committed and that there was probable cause to belief that Appellant committed the offense." *Robertson v. State*, No. F-2008-1036, slip op. at 2 (Okla. Crim. App. Nov. 19, 2009).

The respondent correctly asserts this claim is a matter of State law that is not proper for federal habeas corpus review.

> A § 2254 petition challenges the validity of a state prisoner's conviction and sentence, *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008), and the Supreme Court has long held that an "illegal arrest or detention does not void a subsequent conviction," *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975). Because [petitioner] was ultimately convicted, his claim regarding the sufficiency of the evidence at his preliminary hearing cannot be grounds for habeas relief. *See Montoya v. Scott*, 65 F.3d 405, 422 (5th Cir. 1995).

*Powers v. Dinwiddie*, 324 Fed. Appx. 702, 704-05, 2009 WL 840598, at *2 (10th Cir. Apr. 1, 2009) (unpublished).

Here, the court finds the OCCA's determination of this issue was not contrary to, or an unreasonable application of established federal law, and the decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). This is particularly true, because there is no constitutional right to a preliminary hearing. *Gerstein v. Pugh*, 420 U.S. 102, 119 (1975); *Snow v. Oklahoma*, 489 F.2d 278, 279 (10th Cir. 1973). This ground for habeas relief also fails.

**Ground III: Hearsay Evidence**

Petitioner next alleges the district court's admission of hearsay evidence, in the form of videotaped forensic evidence of G.J., denied his right to confrontation. He also claims that Raquel Nunez's testimony about the alleged disclosure by G.J. also should have been barred under the Confrontation Clause, pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). The respondent argues that petitioner has failed to exhaust his claim of a Confrontation Clause violation, and if he did exhaust the claim, it would be procedurally barred.

The record shows that petitioner did not cite or argue any federal law to the OCCA, and the appellate court relied entirely on a state statute, Okla. Stat. tit. 12 § 2803.1 (2004), in ruling that the trial court did not abuse its discretion by allowing the State to introduce hearsay evidence in support of its case. *Robertson*, No. F-2008-1036, slip op. at 2. Petitioner does not raise the same state-law claim in this court, but instead presents his claim as arising under the Confrontation Clause. He, therefore, has not exhausted the claim by fairly presenting it to the state courts.

In *Hawkins v. Mullin*, 291 F.3d 658 (10th Cir. 2002), *cert. denied*, 537 U.S. 1173 (2003), a petitioner alleged that a child's testimony was improperly admitted at trial in violation of the Eighth and Fourteenth Amendments. The Tenth Circuit found the petitioner had challenged the alleged improper testimony on state law grounds to the OCCA. *Id*. at 674. Therefore, the alleged constitutional claim was unexhausted, and it would be procedurally barred if petitioner were to return to the state courts. Petitioner contends this claim has been fairly and fully exhausted, or in the alternative, the "Futility Doctrine" could allow this court to review the claim in the interests of justice and judicial economy.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

7

> violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

> [Petitioner] . . . has never fairly presented the substance of his federal claim to the state court. *See, e.g., Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam) (noting petitioner's failure to apprise state courts that evidentiary challenge was based in part on federal due process concerns was insufficient to exhaust § 2254 due process claim; further noting mere similarity of claims was insufficient); *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (holding habeas petitioner failed to present federal habeas claim challenging jury instruction fairly to state court where, in state court, he challenged instruction relying solely on state law); *see also Picard v. Connor*, 404 U.S. 270, 276-77 (1971). As such, his federal claim remains unexhausted. *See, e.g., Anderson*, 459 U.S. at 8. At this point in the proceedings, Oklahoma courts would deem [petitioner] to have procedurally defaulted this claim. *See Coleman*, 501 U.S. at 735 n.1. Although he had an opportunity to do so, [petitioner] has never addressed this claim's exhaustion or procedural default. Nor did he assert either any cause that might excuse this default or that this court's failure to consider this claim's merit would result in a fundamental miscarriage of justice. *See, e.g., id.* at 750. We therefore decline to address the merit of this habeas claim.

*Hawkins*, 291 F.3d at 673-74 (footnote and parallel citations omitted).

The court finds this claim is unexhausted and subject to an anticipatory procedural bar, because any attempt to present the claims in state court in another post-conviction application would be procedurally barred under state law. *See Cummings v. Sirmons*, 506 F.3d 1211, 1222-23 (10th Cir. 2007), *cert. denied*, 554 U.S. 907 (2008) (explaining anticipatory procedural bar); Okla. Stat. tit. 22, § 1086. The court further finds petitioner has failed to show cause for his default, and he has not shown that failure to consider this claim will result in a fundamental miscarriage of justice. Therefore, this claim is procedurally barred from federal habeas review.

**Ground IV: Ineffective Assistance of Trial and Appellate Counsel**

Finally, petitioner alleges in Ground IV that trial and appellate counsel failed to raise

8

the issue of petitioner's "conflict of interest" with Jurors Roy Davis and the Lackey brothers, based on those jurors' "predisposition against petitioner." He further asserts trial counsel should have questioned State's witness Raquel "Rocky" Nunez about her mental capacity and the reasons for her being declared disabled by the State. Petitioner contends this information about Ms. Nunez could have raised an issue of her competency as a witness.

The Bryan County District Court denied post-conviction relief on these claims, based on the court's personal observation of trial counsel, who the court found to be "more than effective, prepared, and diligent in his representation." *State v. Robertson*, No. CF-2008-129, slip op. at 2 (Bryan County Dist. Ct. Nov. 22, 2010) (Docket No. 9-4 at 2). The trial court further found appellate counsel "appeared to be proficient in his representation of the Defendant." *Id.*

The Oklahoma Court of Criminal Appeals affirmed the district court, finding "[p]etitioner's current claims are barred by the doctrines of res judicata and waiver." *Robertson v. State*, No. PC-2010-1181, slip op. at 2 (Okla. Crim. App. Mar. 10, 2011) (Docket No. 9-6 at 2). The OCCA, nonetheless, separately denied relief on petitioner's claim of ineffective assistance of appellate counsel:

> [I]n order to prevail on his claims of ineffective assistance of appellate counsel, Petitioner must establish that counsel made errors so serious the performance was deficient, and that deficient performance deprived Petitioner of an appeal whose results are reliable and fair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default. *Id.* We **FIND** Petitioner has not established that appellate counsel's performance was deficient, or that the result of his trial and appeal was not reliable and fair.

*Robertson*, No. PC-2010-1181, slip op. at 2 (Okla. Crim. App. Mar. 10, 2011) (Docket No. 9-6 at 2) (emphasis in original).

9

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

> The *Strickland* test also applies to assessing the effectiveness of appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

Furthermore, appointed counsel is not ineffective merely because he does not raise every issue suggested by his client:

> A defendant does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. . . . Winnowing out weaker arguments is not a constitutionally deficient practice and, indeed, is the hallmark of effective advocacy.

*Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991) (internal quotations and citations omitted).

Here, the court finds petitioner has failed to demonstrate that his trial counsel's

performance was deficient with regard to the three jurors or Ms. Nunez, the witness. In addition, petitioner has not shown how he was prejudiced by this alleged failure by trial counsel. Because trial counsel was not ineffective, the court finds appellate counsel was not ineffective in failing to raise the same issues. Therefore, the decision by the OCCA was consistent with clearly established federal law and not based on an unreasonable determination of the facts, 28 U.S.C. § 2254(d). Ground IV also fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 18th day of July 2014.

                              **KIMBERLY E. WEST**
                              **UNITED STATES MAGISTRATE JUDGE**