# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL R. ROBERTSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-11-238-FHS-KEW |
| MIKE ADDISON, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner has filed a motion for leave to resubmit his objection to the Magistrate Judge's Report and Recommendation (R&R), because this action was dismissed before the objection was filed. (Dkt. 30). The record shows the R&R was entered on July 18, 2014, and petitioner was granted 14 days from receipt of the R&R to file his objection. (Dkt. 21 at 11). The Receipt for the R&R, filed on July 31, 2014, indicated petitioner received the R&R on July 23, 2014. (Dkt. 23).[1]

On July 31, 2014, petitioner filed a motion for extension of time for 30 days from August 4, 2014, to respond to the R&R. (Dkt. 24). The court granted the motion that same day, setting a new filing deadline of September 2, 2014. (Dkt. 25). The correct deadline calculation, however, should have been September 3, 2014. Petitioner's objection was not received by the latter date, and his habeas action was dismissed on September 4, 2014. (Dkt. 27). On September 8, 2014, petitioner's objection to the R&R was filed. (Dkt. 28).

Petitioner argues he should be allowed to resubmit his objection, because he gave it

---

[1] The Receipt erroneously stated petitioner had ten days to file his objection, rather than 14 days as set forth in the R&R.

to a correctional officer for mailing on September 2, 2014, making it timely filed under the prison mailbox rule. Under the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), a pro se prisoner's notice of appeal is deemed to have been "filed" when the prisoner delivers the pleading to prison officials for mailing. *See also Burger v. Scott*, 317 F.3d 1133,1137 n.3 (10th Cir. 2003); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying rule to objection to magistrate judge's report). To benefit from the mailbox rule, however, the document must be deposited in the prison's *legal* mail system, not the prison's regular mail system. *United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991).

Petitioner cannot take advantage of the prison mailbox rule unless he can meet his burden of alleging and proving (1) he timely used the prison's *legal* mail system, if available, or (2) he used the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the document was given to prison authorities and attesting that postage was prepaid. *See Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005). Here, the Certificate of Service on petitioner's objection certifies that he deposited the document in the U.S. Mail on September 2, 2014, but it does not specify whether the regular or legal mail system was used. (Dkt. 28 at 4). Because the Certificate of Mailing did not include the required notarized statement or declaration under penalty of perjury, petitioner must demonstrate he timely deposited his objection in the prison legal mail system.

**ACCORDINGLY,** petitioner's motion to resubmit his objection to the Magistrate Judge's Report and Recommendation (Dkt. 30) is DENIED, and petitioner is granted fourteen (14) days to provide documentation that he deposited his objection in the facility's

2

legal mail system by the filing deadline of September 3, 2014. He may meet this requirement by submitting a copy of the legal mail log for the mailing date. If petitioner's document was timely filed pursuant to the prison mailbox rule, it will be considered by the court.

IT IS SO ORDERED this 29th day of December, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma