# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MICHAEL R. ROBERTSON, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV-11-238-FHS-KEW |
| JOE ALLBAUGH, Department of Corrections Interim Director, | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

Petitioner filed this petition for a writ of habeas corpus to challenge his conviction in Bryan County District Court Case No. CF-2008-129 for Child Sexual Abuse, After Former Conviction of a Felony. (Dkt. 1). The Magistrate Judge entered a Report and Recommendation ("R&R"), recommending dismissal of the petition. (Dkt. 21). Petitioner's Objection to the R&R, however, was filed after the R&R had been affirmed and adopted by the District Judge. (Dkts. 27, 28).

Petitioner was directed to provide documentation that he had mailed his Objection by the September 3, 2014, deadline for filing objections. (Dkt. 31). Petitioner complied with the court's Order by submitting a copy of the response to a facility Request to Staff, stating Plaintiff deposited mail for delivery to this court on September 2, 2014. (Dkt. 32 at 3). Because Plaintiff's Objection to the R&R was timely under the "mailbox rule," the court will consider his arguments.

Petitioner claimed in Ground I of the petition that he is actually innocent of the crime, and there is no evidence to sustain his conviction. The Magistrate Judge recommended

denial of this ground for relief, because "an assertion of actual innocence . . . does not, standing alone, support the granting of the writ of habeas corpus." (Dkt. 21 at 3 (citing *LaFevers v. Gibson*, 238 F.3d 1263, 1265 (10th Cir. 2001)).

Petitioner claims in his Objection that the offense is a specific intent crime, but the State failed to allege this element of the offense in the Information, resulting in a lack of subject matter jurisdiction. (Dkt. 28 at 1). He further asserts the State did not produce "one scintilla of evidence either direct or circumstantial" that he specifically intended to commit this offense, thereby failing to prove an element of the crime. (Dkt. 28 at 1-2).

It appears this particular claim regarding a specific intent requirement has not been raised previously, so it is unexhausted. Petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).

Furthermore, a writ of habeas corpus cannot be issued "on the basis of a perceived error of state law 'absent a determination that the state law violation rendered the trial fundamentally unfair.'" *Spears v. Mullin*, 343 F.3d 1215, 1245 (10th Cir. 2003) (quoting *James v. Gibson*, 211 F.3d 543, 545 (10th Cir. 2000)), *cert. denied*, 541 U.S. 909 (2004). In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). Petitioner has failed to raise a meritorious objection to the Magistrate Judge's determination of Ground I.

In Ground II of the petition, Petitioner alleged the evidence at his preliminary hearing was insufficient to establish probable cause. The Magistrate Judge found the denial of this claim by the Oklahoma Court of Criminal Appeals was not contrary to, or an unreasonable application of established federal law, and the decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). (Dkt. 21 at 6).

Citing Oklahoma case law, Petitioner maintains in his Objection that there is a right to a preliminary hearing. As set forth in the R&R, however, "there is no *federal* constitutional right to a preliminary hearing." *Id*. (citing *Snow v. Oklahoma*, 489 F.2d 278, 279 (10th Cir. 1973) (emphasis added)).

Petitioner alleged in Ground III of his petition that hearsay evidence was improperly introduced at trial. The Magistrate Judge found Petitioner's claim under the Confrontation Clause had not been fairly presented to the state courts. Therefore, it was procedurally barred.

Petitioner argues he did present this federal claim in his post-conviction application, but he fails to advise the court of where in the record this claim was made. The court has reviewed Petitioner's Petition in Error in Case No. PC-2010-1181 and has found no federal Confrontation Clause claim. (Dkt. 9-5). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ground IV of the petition concerned the alleged ineffectiveness of Petitioner's trial and appellate counsel in failing to raise an alleged conflict of interest with Jurors Roy Davis and the Lackey brothers. Counsel also allegedly failed to question State's witness Raquel

3

"Rocky" Nunez about her mental capacity.

The Magistrate Judge found the Oklahoma Court of Criminal Appeals' decision that Petitioner's trial and appellate counsel were not ineffective was consistent with clearly established federal law and was not based on an unreasonable determination of the facts, pursuant to 28 U.S.C. § 2254(d). Petitioner disagrees with this determination and argues the issues not raised by counsel were a "dead bang winner" under *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995). As set forth in the R&R, however, petitioner failed to show his trial counsel's performance was deficient with regard to the contested jurors or Ms. Nunez, and no prejudice was shown by the alleged failure by counsel. Because trial counsel was not ineffective, appellate counsel was not ineffective in failing to raise the same issues. The court finds no merit in this claim.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** after consideration of Petitioner's Objection to the Report and Recommendation, the court finds the record before it specifically documents and supports the Report and Recommendation of the United States Magistrate Judge that this action be in all respects dismissed. Upon full consideration of the entire record and the issues herein, the court finds and orders that the Report and Recommendation be AFFIRMED AND

ADOPTED by this court as the court's Findings and Order, and Petitioner's petition for a writ of habeas corpus is DISMISSED.  Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 20th day of May 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma